UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**                                   CASE NO. 2:18-cr-218
                                                     JUDGE EDMUND A. SARGUS, JR.

    **v.**

**TIFFANY A. STROBL (2) AND**
**SHALITHA R. SCHEXNAYDER (3),**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the Government's Unopposed Motion to Correct Clerical Error in Judgment ("Motion"). (ECF No. 127.) Counsel for the Government and the Defendants have conferred, and all concur in this request to correct the clerical error in their clients' Judgment entries. For the following reasons, the Court hereby **GRANTS** the Government's Motion.

**I.**

On July 18, 2019, this Court sentenced Defendant Tiffany A. Strobl following her guilty plea and conviction for one count of conspiracy to commit money laundering. (Minutes, ECF No. 79). Strobl's original judgment included the parties' agreed-upon restitution award of $2,151,067.67, with an offsetting credit for $11,000.00 previously paid over to one of the victims of the conspiracy, leaving a balance of $2,140,067.67. (Judgement, ECF No. 80, PAGEID #351-52). However, in an apparent clerical error that was attributable to the United States that restitution award was ordered joint and several with her two co-defendants, Terry J. Boutwell *and* Shalitha R. Schexnayder. (*Id.* at PAGEID #353).

On January 13, 2020, the Court sentenced Defendant Shalitha R. Schexnayder following her guilty plea and conviction for the same money laundering conspiracy. (Minutes, ECF No. 92). Schexnayder's judgment also included the parties' agreed upon restitution award of $1,164,348.96. (Judgment, ECF No. 93, PAGEID #425). Yet, in the same apparent clerical error attributable to the United States that restitution award was again ordered joint and several with both of her co-defendants, Terry J. Boutwell *and* Tiffany A. Strobl. (*Id.* at PAGEID #426).

The restitution awards for Strobl and Schexnayder, however, should have been 100% joint and several with Boutwell (as they were), but *not* joint and several with one another. Strobl and Schexnayder joined the conspiracy at different times and laundered the proceeds of different victims' funds.

The Clerk of Court recently notified the U.S. Attorney's Office that this clerical error in the joint and several liability amounts in Strobl's and Schexnayder's Judgment entries will result in an inability to pay restitution awards to the victims and/or incorrect payment amounts.

**II.**

This matter turns on Federal Rule of Criminal Procedure 36, which provides in full as follows:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Crim. P. 36.

Pursuant to this Rule, a district court may correct errors with respect to restitution awards included in a criminal judgment so long as the Court does not make the defendant's sentence "more onerous." *United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004) (holding that district court properly corrected a criminal judgment to revise joint and several restitution

2

liability where corrected judgment "did not fundamentally alter [defendant's] sentence, because it did not increase the restitution amount initially imposed at sentencing").

### III.

Here, the Court finds the Government's unopposed requested relief appropriate under Rule 36.  The Government simply seeks a clerical correction to the Judgment entries for Tiffany Strobl (ECF No. 80) and Shalitha Schexnayder (ECF No. 93) to clarify (eliminate) their joint and several restitution liability with one another.  The Government does not seek to increase the total amount of restitution that Strobl or Schexnayder owes.  In the original judgment order, [the defendant] was fully liable for payment of the restitution amount, and in the amended judgment, he remains fully liable."). Those amounts will remain the same, and they will remain 100% joint and several with co-defendant Terry Boutwell, as reflected by his own Judgment entry (ECF No. 101).

The Court therefore, corrects the Judgments with total remaining restitution awards of:

- $2,140,067.67 for Tiffany A. Strobl, owed 100% joint and several with Terry Boutwell alone; and
- $1,164,348.96 for Shalitha Schexnayder, owed 100% joint and several with Terry Boutwell alone.

### IV.

For the reasons set forth above, the Court **GRANTS** the Government's Unopposed Motion to Correct Clerical Error in Judgment.  (ECF No. 127.)   The Government is **DIRECTED** to submit a revised list of victim names, addresses, and restitution amounts attributable to Shalitha Schexnayder (which are 100% joint and several with Terry Boutwell)

under separate cover for the Clerk of Court's use. All other terms and conditions of the Judgment will remain the same.

    **IT IS SO ORDERED.**

**8/25/2023**                                                     **s/Edmund A. Sargus, Jr.**
**DATE**                                                            **EDMUND A. SARGUS, JR.**
                                                                       **UNITED STATES DISTRICT JUDGE**